THIS WILL RESPOND TO YOUR LETTER DATED JUNE 2, 1989, REQUESTING INFORMAL ADVICE FROM THIS OFFICE REGARDING THE LEGAL RESPONSIBILITIES OF LOCAL GOVERNMENTAL OFFICIALS IN IMPLEMENTING ENROLLED H.B. 1372, ENACTED IN THE RECENTLY CONCLUDED SESSION OF THE OKLAHOMA LEGISLATURE. YOUR LETTER INDICATES THAT THE FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT SOUGHT AND, INDEED, THE VARIETY AND DIVERSITY OF FACT PATTERNS IMPLICIT IN YOUR QUESTIONS PRECLUDES US FROM ISOLATING ANY SIGNIFICANT ISSUES WHICH CAN ADDRESSED PURELY AS A MATTER OF LAW. SEE, 74 O.S. 18B(E).
THE ANSWER TO THE FIRST QUESTION YOU POSED ABOUT THE CORRECT EFFECTIVE DATE OF H.B. 1372 IS RELATIVELY SIMPLE: IT IS JULY L, 1989. THE EFFECT OF T E EMERGENCY CLAUSE IS SIMPLY TO ACCELERATE THE EFFECTIVE DATE OF THE STATUTE FROM THE NORMAL 90 DAYS AFTER ENACTMENT TO THE DATE SPECIFIED IN THE LEGISLATION. SEE, E.Q., EX PARTE LEE, 203 P.2D 720 (OKL. 1949).
YOUR SECOND AND THIRD QUESTIONS, IN EFFECT, POSE DIFFERENT FACT PATTERNS WHICH MAY AFFECT THE VIEW OF THE VARIOUS SCHOOL DISTRICTS AS TO WHO MAY OR MAY NOT BE ENTITLED TO RECEIPT OR REFUND OF THE TRANSFER FEES. WHILE THE STATUTE CANCELS THE DEBT UNDER ONE CLEAR SET OF FACTS (WHERE THE MONEY WAS OWED BUT NEVER PAID), YOUR QUESTIONS IN ESSENCE RELATE TO "GRAY" AREAS, WHERE SOME STEPS MAY HAVE BEEN TAKEN, FOR A VARIETY OF REASONS, IN RELATION TO THE PAYMENT OF THE FEES.
AS YOU KNOW, THE RECENT STATUTORY CHANGES ALLUDED TO IN YOUR LETTER APPARENTLY WERE TRIGGERED BY THE ATTORNEY GENERAL'S VIEW, EXPRESSED IN OPIN. NO. 87-134, THAT 70 O.S. 8-110(B) (1981) UNCONSTITUTIONALLY EXEMPTED CERTAIN DEPENDENT SCHOOL DISTRICTS FROM PAYING TRANSFER FEES WHEN A STUDENT IS TRANSFERRED FROM HIS HOME DISTRICT, WHILE THE STATUTE REQUIRED ALL OTHER DEPENDENT SCHOOL DISTRICTS TO PAY SUCH FEES. THAT PROVISION WAS REPEALED BY H.B. 1372, BUT NOT BEFORE A VARIETY OF INCONSISTENT ACTIONS, SOME OF WHICH MAY HAVE BEEN TAKEN IN RELIANCE ON A.G. OPIN. NO. 87-134, HAD OCCURRED AT THE LOCAL LEVEL. SOME OF THE FACT-SPECIFIC ISSUES INVOLVE THE LEGAL SIGNIFICANCE FOR PUBLIC OFFICIALS OF PRONOUNCEMENTS BY THE ATTORNEY GENERAL THAT A STATUTE IS UNCONSTITUTIONAL. IT HAS BEEN GENERALLY RECOGNIZED, SINCE YORK V. TURPEN, 681 P.2D 763 (OKLA. 1984), THAT WHEN THE ATTORNEY GENERAL STATES THAT A STATUTE IS UNCONSTITUTIONAL, THE DECISION IS "ADVISORY" ONLY BECAUSE THE COURTS RESERVE SUCH ULTIMATE JUDICIAL POWER TO THEMSELVES. THIS DOES NOT MEAN, HOWEVER, THAT SUCH AN OPINION DOES NOT HAVE IMPORTANT POTENTIAL IMPLICATIONS FOR PUBLIC OFFICIALS. AS THE OKLAHOMA SUPREME COURT NOTED IN ALLEN V. BOARD OF TRUSTEES OF THE OKLAHOMA UNIFORM SYSTEM FOR JUSTICES AND JUDGES, 769 P.2D 1302, 1308, FN.33 (OKL. 1989):
 "THE AGENCY'S ADHERENCE TO THE ATTORNEY GENERAL'S OPINION WAS NOT UNWARRANTED. THE BOARD FACED A PERIL OF LIABILITY IF IT PAID OUT BENEFITS IN CONTRAVENTION OF THE ATTORNEY GENERAL'S OPINION AND A COURT DECLARED LATER THAT 67.13A WAS INVALID. THE BOARD HAD NO VIABLE ALTERNATIVE. IT WAS COMPELLED TO ACT IN ACCORDANCE WITH THE ATTORNEY GENERAL'S PRESCRIBED NORM OF LEGAL CONDUCT UNTIL A CONTRARY JUDICIAL DECISION WAS REACHED. IN STATE EX REL. YORK V. TURPEN, OKL., 681 P.2D 763, 767 (1984), THIS COURT HELD THAT AN ATTORNEY GENERAL'S OPINION WHICH STATES THAT A LEGISLATIVE ACT IS UNCONSTITUTIONAL SHOULD BE CONSIDERED ADVISORY ONLY AND NOT BINDING ON STATE OFFICIALS UNTIL SO DETERMINED BY A DISTRICT COURT. PRIOR TO YORK, OUR JURISPRUDENCE VIEWED AN ATTORNEY GENERAL'S OPINION AS BINDING UPON THE STATE OFFICIAL AFFECTED BY IT. SEE, RASURE V. SPARKS, OKL. 75 OKL. 181, 183 P. 495, 498 (1919) AND PAN AMERICAN PETRO. CORP. V. BOARD OF TAXROLL COR., OKL., 510 P.2D 680, 681 (1973). WHETHER THE LEGAL ADVICE OF THE ATTORNEY GENERAL BE CONSIDERED BINDING OR MERELY ADVISORY, A STATE AGENCY IS DEEMED PROTECTED FROM LIABILITY WHEN IT HEEDS THE ADVICE GIVEN BY THE CHIEF LAW OFFICER OF THE STATE. SEE 74 O.S. 1981, 18 AND 18B(E)."
ALTHOUGH THE FOREGOING COMMENT KY THE COURT IS NOT SO CLEAR AS TO REMOVE ALL DOUBT, IT IS LIKELY THAT THE FACTUAL ISSUES OF RELIANCE BY LOCAL OFFICIALS ON A.G. OPIN. NO. 87-134 MAY WELL BE A CRITICAL FACTOR IN DETERMINING THE RESPECTIVE RIGHTS AND RESPONSIBILITIES OF THE VARIOUS POTENTIAL DISPUTANTS IDENTIFIED IN YOUR LETTER.
THUS, SOME DEPENDENT DISTRICTS THAT HAD BEEN EXEMPT FROM PAYMENT OF TRANSFER FEES DECIDED TO PAY, OTHERS DID NOT. SOME DISTRICTS WHICH HAD BEEN REQUIRED TO PAY TRANSFER FEES CONTINUED TO PAY; OTHERS DID NOT. SOME LOCAL OFFICIALS MAY HAVE FELT THEY COULD ACT IN RELIANCE ON THE "OLD" STATUTE (70 O.S. 8-110(B)) (NOTWITHSTANDING A.G. OPIN. NO. 87-134); OTHERS MAY NOT HAVE. SOME LOCAL OFFICIALS MAY HAVE TAKEN POSITIONS, OR ACTED, IN RELIANCE ON THE ADVICE OF LEGAL COUNSEL (DISTRICT ATTORNEYS OR PRIVATE COUNSEL) AND OTHER DIVERSE FACTS, UNKNOWN TO THIS OFFICE, MAY HAVE CREATED VIABLE RELIANCE OR ESTOPPEL ARGUMENTS ON EITHER, OR BOTH, SIDES OF THE QUESTIONS YOU POSED SHOULD THESE ISSUES BE LITIGATED. NONE OF THE FOREGOING MEANS THAT THE QUESTIONS YOU POSED ARE UNANSWERABLE. IT SIMPLY MEANS THAT THE ANSWERS MAY WELL BE DIFFERENT IN INDIVIDUAL CASES, DEPENDING UPON THE RELEVANT FACTS, WHICH ARE TOO NUMEROUS, LOCALIZED, AND DIVERSE TO ISOLATE FOR PURPOSES OF EVEN AN INFORMAL LETTER OPINION. LOCAL OFFICIALS WILL BE BEST SERVED IF THEY CONSULT AND RELY ON COMPETENT LOCAL COUNSEL TO ASCERTAIN THE LEGAL SIGNIFICANCE OF THE ALTERNATIVE COURSES OF ACTION AVAILABLE TO THE IN LIGHT OF THE PECULIAR FACTUAL SCENARIO CONFRONTING THEM.
YOUR FOURTH AND FIFTH QUESTIONS WERE EXPRESSLY DEPENDENT ON THE AVAILABILITY OF DEFINITIVE ANSWERS TO QUESTIONS TWO AND THREE AND, SINCE NO SUCH ANSWER IS POSSIBLE, ARE NOT ADDRESSED SEPARATELY. I REGRET THAT WE ARE UNABLE TO ENUMERATE FOR YOU A COMPLETE SET OF LEGAL PRINCIPLES WHICH WOULD HAVE UNIFORM APPLICABILITY TO THE VARYING FACT PATTERNS NOTED IN YOUR LETTER. THAT SIMPLY IS NOT POSSIBLE; IN FACT, TO ATTEMPT TO DO SO WOULD BE RISK MISLEADING LOCAL OFFICIALS ABOUT THEIR RESPONSIBILITIES WHICH MAY DIFFER SUBSTANTIALLY FROM COUNTY TO COUNTY DEPENDING ON THE OPERATIVE FACTS.
(NED BASTOW)